J-S24007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :             PENNSYLVANIA
                                           :
             v.                               :
                                           :
                                           :
DONALD ROGER LOOMIS            :
                                           :
          Appellant              :     No. 1405 WDA 2023

Appeal from the PCRA Order Entered October 20, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002775-2014

BEFORE:    BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:            **FILED: July 19, 2024**

Donald Loomis appeals from the order denying his Post Conviction Relief

Act ("PCRA") petition. We affirm.

This is the second time this Court is reviewing the PCRA court's rejection

of Appellant's claim that trial counsel was ineffective for advising him not to

testify. We previously outlined the pertinent factual and procedural history as

follows:

> Appellant's convictions resulted from his long-term sexual abuse
> of his cousins, K.R. and G.B. (collectively, "the victims"), which
> was disclosed to the Erie Police Department in February 2014,
> several years after the assaults occurred. Appellant was arrested
> and charged with various offenses in connection with K.R.'s
> allegations of abuse. No charges were filed with respect to G.B.'s
> allegations due to the statute of limitations having expired, but
> G.B.'s testimony was admitted at trial pursuant to Pa.R.E. 404(b).

---

[*] Former Justice specially assigned to the Superior Court.

Following a two-day trial, Appellant was convicted of rape of a person less than thirteen years old, two counts of involuntary deviate sexual intercourse with a person less than thirteen years old, sexual assault, two counts of indecent assault of a person less than thirteen years old, corruption of a minor, and endangering the welfare of children. Ultimately, Appellant was sentenced to an aggregate term of twenty-one to forty[-two] years of incarceration. On direct appeal, this Court affirmed Appellant's judgment of sentence.

On January 24, 2018, Appellant filed a timely *pro se* PCRA petition. On May 22, 2018, Appellant filed an amended PCRA petition via PCRA counsel that raised, *inter alia*, the alleged ineffectiveness of trial counsel. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907(1) notice. On December 20, 2018, the PCRA court dismissed Appellant's claims of ineffectiveness without a hearing.

*Commonwealth v. Loomis*, 229 A.3d 378, 2020 WL 1490953, at *1 (Pa.Super. 2020) (non-precedential decision) (citations and parenthetical abbreviations omitted).

Appellant appealed to this Court. Among other things, he assailed the PCRA court's dismissal of his claim that counsel was ineffective for advising him not to testify at trial. The court had dismissed it outright because Appellant had completed a colloquy regarding his decision not to testify. Noting that the existence "of a waiver colloquy does not prevent a petitioner from later challenging the effectiveness of his attorney's advice not to testify[,]" because the relevant inquiry concerns **the advice** provided by counsel that informed the waiver, we concluded that the PCRA court's holding was in error. *Id*. at *3 (citations omitted). Since the court dismissed the petition without a hearing, and the record was otherwise silent as to counsel's

advice and reasoning for advising Appellant not to testify, we vacated that portion of the PCRA court's order and directed the court to hold an evidentiary hearing on that claim upon remand.[1]

On July 10, 2023, the PCRA court held that limited evidentiary hearing, with testimony from Appellant and his trial counsel, Eric Hackwelder, Esquire.[2] Concluding that Attorney Hackwelder's strategy was reasonable and Appellant suffered no prejudice, the PCRA court denied Appellant's PCRA petition. This timely appeal followed. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the PCRA court directed us to its opinion and order dated October 20, 2023. Appellant presents a single issue for our review:

> Did the PCRA court err when it dismissed Appellant's claim that trial counsel was ineffective for advising [Appellant] not to testify in his own defense at trial where (1) testimony confirmed that trial counsel advised Appellant not to testify, (2) trial counsel lacked a reasonable basis for this strategy, and (3) Appellant suffered prejudice?

Appellant's brief at 6 (cleaned up).

We begin with the pertinent legal principles. "We review an order of the PCRA court to determine whether the record supports the findings of the PCRA court and whether its rulings are free from legal error." ***Commonwealth v.***

---

[1] We affirmed the order insofar as it dismissed Appellant's remaining claims.

[2] Although we are cognizant of the difficulties emanating from the COVID-19 pandemic and do not disparage the PCRA court, since the judge was not assigned the case until March 2023, we nonetheless note with displeasure the three-year delay in conducting this hearing.

*Michaud*, 70 A.3d 862, 867 (Pa.Super. 2013) (cleaned up). To succeed on a claim that counsel offered ineffective assistance, "a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id*. (cleaned up). Generally, there are three elements a petitioner raising such a claim must prove: (1) the underlying claim has arguable merit; "(2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him." *Id*. (cleaned up). If a petitioner fails to prove any one of these prongs, the ineffectiveness claim fails, and the court's review need proceed no further. *See Commonwealth v. Pitt*, 313 A.3d 287, 293 (Pa.Super. 2024). Finally, it is a petitioner's burden to overcome the presumption that counsel was effective. *Id*.

With regard to Appellant's specific contention that counsel was ineffective for advising him not to testify at trial, our Supreme Court has explained as follows:

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf. Our analysis of this claim begins with an examination of the testimony given at the evidentiary hearing.

*Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000) (cleaned up).

Appellant testified that he met with counsel four or five times to prepare his potential trial testimony and practice answering questions he might face. Throughout that preparation, he assumed that he would be testifying at trial in his defense. However, just prior to the court asking whether he wanted to testify, Appellant alleged that Attorney Hackwelder advised him, without explanation, "I strongly suggest you don't." N.T. PCRA Hearing, 7/10/23, at 11. Based on this recommendation, Appellant chose not to testify. Following his conviction, he concluded that counsel was ineffective in offering this advice because he contended he would have been able to defend himself through his testimony since "[a]ll [he] had to do was tell the truth." *Id*. at 23.

Attorney Hackwelder confirmed that he met with Appellant multiple times regarding his potential trial testimony but insisted that Appellant knew before trial that counsel was not comfortable with Appellant testifying. This was due to the facts that (1) Appellant never provided satisfactory answers concerning some of the statements he made in a "pretext phone call[,]"[3] (2) the Commonwealth planned to introduce other acts evidence involving allegations from another individual similar to those made by the victim, and (3) the prosecutor would subject him to rigorous cross-examination. *Id*. at 30-31. Although Attorney Hackwelder continued to try to prepare Appellant

---

[3] At trial, the Commonwealth introduced "a one-way consensual phone call intercept between K.R. and [Appellant], in which K.R. confronted [Appellant] about the past abuse. [Appellant] neither confirmed nor denied the allegations, but claimed he had no memory of them." *Commonwealth v. D.R.L.*, 161 A.3d 381, 2017 WL 658262, at *1 (Pa.Super. 2017) (unpublished memorandum).

to testify at Appellant's request, he elaborated that "there were concerning things that [Appellant] said in that pretext phone call that seemed or appeared to [Attorney Hackwelder] as almost admissions" and "when we prepped him about these, he didn't have good answers." *Id*. at 40. He reiterated:

> I think it's very evident that the impression was that we had some problems, and I know repeatedly telling him that his answers were not satisfactory. I know we had a problem with how he was explaining the things that he had said to the phone call. He knows that. We talked about it many times, and we tried over and over to prepare in the event that he did testify.
>
> . . . .
>
> [W]e had many meetings where we had to talk about these answers that he -- the phone call, and if he was going to testify, he was going to have to explain why he said what he said in the phone call, and when we would prepare, when we would prep for those, it was my determination that what he was saying was not satisfactory in my opinion for him testifying in court, especially against a seasoned trial litigator like [the prosecutor].
>
> . . . .
>
> We had a lot against us as it was, and I felt at the time that if I put him on the stand that we're going to put him in a worse place. I understand that he was found guilty. I get that, but it was my opinion, my call there to, you know, dissuade him from wanting to testify because of those reasons.

*Id*. at 31, 33 (capitalization altered).

The PCRA court found Appellant's testimony to be unbelievable and Attorney Hackwelder's credible. In the court's summation, "[t]he only reasonable advice Attorney Hackwelder could give [Appellant] was to not testify." PCRA Court Opinion and Order, 10/20/23, at 6.

- 6 -

Upon review of the certified record, we hold that the PCRA court's finding is supported by the record. Attorney Hackwelder considered the evidence to be presented at trial and, after multiple sessions of attempting to prepare Appellant to testify, determined it would be more damaging to have him testify given, in part, his inability to adequately explain some of his statements in the pretext call. Discerning no error in the court's conclusion that counsel had a reasonable basis for advising Appellant not to testify, we affirm the order denying Appellant's ineffectiveness claim.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/19/2024