J-S31003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL ISHAM PITTMAN | : | |
| | : | |
| Appellant | : | No. 59 EDA 2024 |

Appeal from the PCRA Order Entered November 22, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000304-1998

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 10, 2024**

Gabriel Isham Pittman appeals from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

We previously recounted the background of this matter thusly:

> On July 6, 1998, Appellant entered an open guilty plea to third-degree murder, recklessly endangering another person, and firearms not to be carried without a license, as well as a *nolo contendere* plea to aggravated assault. On July 24, 1998, the Commonwealth filed a notice of its intent to seek a mandatory minimum sentence under 42 Pa.C.S. § 9172 (sentences for offenses committed with firearms). On August 19, 1998, the trial court sentenced Appellant to an aggregate of twenty-six to fifty-nine years' incarceration.
>
> After this Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal in 1999, Appellant filed numerous PCRA and *habeas corpus* petitions[, none of which garnered relief].

*Commonwealth v. Pittman*, 2018 WL 1386793 (Pa.Super. 2018) (unpublished memorandum).

On July 31, 2023, Appellant filed *pro se* the instant PCRA petition, his tenth. He contended therein that his convictions constituted a violation of his federal Tenth Amendment rights because the state crimes were promulgated in violation of federalism principles. **See** PCRA Petition, 7/31/23, at 3. He also argued that the convictions were void *ab initio*, which requires that they be vacated. **Id**. Appellant checked the boxes on the form petition indicating that he meets the newly-discovered fact and governmental interference timeliness exceptions. However, when prompted to explain how these exceptions prevented him from filing a timely claim, he simply rehashes the merits of his petition.

The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, stating that it was facially untimely and that no timeliness exception was satisfied. Appellant responded in writing, and the court dismissed the petition without a hearing on November 22, 2023.

Appellant timely appealed.[1] The record does not indicate that the PCRA court ordered Appellant to submit a statement of errors complained of on

---

[1] The trial court did not receive Appellant's *pro se* notice until December 28, 2023, thirty-six days from when it entered the order denying relief. However, the envelope containing the notice was date stamped on December 20, 2023, and therefore was timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Kennedy**, 266 A.3d 1128, 1132 n.8 (Pa.Super. 2021) ("The prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." (citation omitted)).

appeal pursuant to Pa.R.A.P. 1925(b), yet he filed one on December 28, 2023. The PCRA court thereafter entered an order referring us to the rationale provided in its Rule 907 notice. Appellant presents three issues for our review:

1. Did the lower court err as a matter of law by enforcing the challenged P[ennsylvania] State Constitution Article V, § 10(c) violative "procedural in nature" 42 Pa.C.S. § 9545(b)(1)-(2) timeliness requirements as a jurisdictional bar which is contrary to supreme laws of the land clearly establishing mirroring federal provisions to be mere procedural claims-processing rules[?]

2. Did the lower court err as a matter of law in dismissing the PCRA action as untimely despite Appellant's assertion of myriad void *ab initio* claims no longer barred by § 9545(b)(1)-(2), and no longer subject to retroactivity-analysis under the void *ab initio* doctrine adopted by the new state law of **Commonwealth v. McIntyre**[,] 232 A.3d 609 (Pa. 2020)?

3. Did the lower court err as a matter of law in dismissing the PCRA action and failing to make retroactivity findings under the "function of the rule" retroactivity framework of **Teague v. Lane**, 489 U.S. 288 (1989), and pre-**Teague** and post-**Teague** precedents?

Appellant's brief at 3 (unnecessary capitalization omitted).

This Court addresses the propriety of the PCRA court's dismissal order as follows: "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "As to legal questions, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]" **Id**. (citation omitted).

We first ascertain whether Appellant's petition was timely, because neither this Court nor the PCRA court has jurisdiction to consider the merits of any claims raised in an untimely PCRA petition. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1030-31 (Pa.Super. 2019). In this respect, the PCRA provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b).

This Court previously determined that Appellant's judgment of sentence became final in 2000, twenty-three years before the underlying petition was filed. *Pittman*, 2018 WL 1386793, at *3. It is therefore untimely on its face. Furthermore, by the issues presented in his brief, Appellant does not purport that he has fulfilled any of the timeliness exceptions, but rather argues that they should not apply to his circumstances. Therefore, we lack jurisdiction to

address the substance of his underlying claims within the petition. **See** **Ballance**, 203 A.3d 1027, 1030-31.

However, that does not end our inquiry. In his first issue on appeal, Appellant asserts that the PCRA's time bar is unconstitutional because it is merely procedural, not jurisdictional, in nature. **See** Appellant's brief at 5-6. More particularly, he contends that our High Court's ruling in **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998), that the PCRA time-bar is jurisdictional, is contrary to the plain language of the PCRA and is dicta.[2] **Id**. at 6, 9-11. We have jurisdiction to address this claim irrespective of the timeliness of the underlying petition. **See**, **e.g.**, **Commonwealth v. Branthafer**, 315 A.3d 113, 120 (Pa.Super. 2024) (considering the petitioner's attack on the constitutionality to the PCRA's timeliness requirements in addition to concluding that the underlying petition was untimely).

Our High Court has directed that "we must presume that statutes are constitutional and require those challenging the constitutionality of a statute to demonstrate that it clearly, plainly, and palpably violates the constitution." **Commonwealth v. Berry**, 167 A.3d 100, 104 (Pa.Super. 2017) (citation omitted). Further, "the party challenging a statute's constitutionality bears a heavy burden of persuasion." **Commonwealth v. Pitt**, 313 A.3d 287, 295 (Pa.Super. 2024) (citation omitted).

_____

[2] Appellant also compares the PCRA to federal statutes in arguing that the time limitations are akin to a typical statute of limitations provision. **See** Appellant's brief at 12-13.

Upon review, we reject Appellant's challenge to the PCRA's timeliness requirements. It is long-established that this Court "is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." ***Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa.Super. 2014). Since the ***Peterkin*** decision in 1988, we have continually interpreted the PCRA as conferring jurisdiction only if the time-bar is satisfied. ***See***, ***e.g.***, ***Branthafer***, 315 A.3d at 122 ("Thus, bound by the decisions of our Supreme Court, we continue to adhere to the principle that the PCRA time limitation is jurisdictional in nature."). Appellant has not advanced any authority indicating that ***Peterkin*** has been overturned, nor has he raised any new argument that meets his "heavy burden of persuasion" in convincing us that the ruling is facially unconstitutional. ***See Pitt***, 313 A.3d at 295. Accordingly, we decline his invitation to deviate from ***Peterkin***, ***Branthafer***, and other binding precedent.

In his second issue, Appellant cites ***McIntyre*** for the proposition that judgments that are void *ab initio* cannot be dismissed as time-barred pursuant to the PCRA. ***See*** Appellant's brief at 15-16. He then sets forth four sub-arguments as to why his underlying convictions should be deemed void *ab initio*. ***Id***. at 23-40. In essence, Appellant purports that this claim may be addressed regardless of the timeliness of a petition.

This argument fails because ***McIntyre*** does not stand for the proposition Appellant attributes to it. In that case, the petitioner filed a **timely**

PCRA petition asserting that his conviction for failure to register as a sex offender was void *ab initio* because it arose from Megan's Law III, which our High Court declared to be unconstitutional. In granting relief, the **McIntyre** Court stated that "a statute held unconstitutional is considered void in its entirety and inoperative as if it had no existence from the time of its enactment." **McIntyre**, 232 A.3d at 618. That case did not address the scenario where, as here, a post-conviction petition for relief was patently untimely.

Since then, this Court has concluded several times that any relief granted pursuant to **McIntyre** is limited to timely filed petitions. **See**, **e.g.**, **Commonwealth v. Pollard**, 304 A.3d 773, 2023 WL 5447701, at *5 n.4 (Pa.Super. 2023) (non-precedential decision) ("To the extent **McIntyre** clarifies that a conviction for failing to register under Megan's Law III cannot stand because its enactment in violation of the single-subject rule rendered the statute void *ab initio*, this relief is limited to circumstances wherein the conviction is challenged in timely PCRA proceedings[.]"); **Commonwealth v. Wadsworth**, 249 A.3d 1134, 2021 WL 423071, at * 4 (Pa.Super. 2021) (non-precedential decision) ("Since it is well-established that no court has jurisdiction to entertain the merits of an untimely PCRA petition, we must conclude that **McIntyre** affords [the a]ppellant no relief."). Although we are not bound by these rulings, we find the rationale supporting those conclusions persuasive. Therefore, assuming *arguendo* that any of Appellant's convictions

were void *ab initio*, we nonetheless lack jurisdiction to grant him post-conviction relief.[3]

In sum, because Appellant presents us with no reason to disturb the PCRA court's order dismissing his tenth petition as untimely, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2024

_____

[3] Further, since we conclude that that this PCRA petition is untimely, we do not consider the remainder of the arguments set forth in Appellant's brief.