J-S01039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN GREGORY TARR | : | |
| | : | |
| Appellant | : | No. 347 MDA 2024 |

Appeal from the PCRA Order Entered December 20, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002219-2021

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 31, 2025**

Appellant, Kevin Gregory Tarr, appeals *pro se* from the order entered in the Court of Common Pleas of Dauphin County, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing. After a careful review, we affirm.

The relevant facts and procedural history are as follows: On January 19, 2022, Appellant, who was represented by counsel, entered a negotiated guilty plea to the charges of possession of a firearm prohibited, firearms not to be carried without a license, and possession of a controlled substance.[1] During

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1), 18 Pa.C.S.A. § 6106(a)(1), and 35 P.S. § 780-113(a)(16), respectively.

the guilty plea colloquy, Appellant admitted to the following facts underlying his guilty plea:

> On March 16th of 2021,…[Joseph Aguayo-Quinones] stabbed and killed Salvatore Gianquitto. After…Mr. Aguayo-Quinones committed the stabbing, he ran away. [Appellant] at that point pulled out a gun and began firing at Mr. [Aguayo-Quinones'] back and continued to fire as [Mr. Aguayo-Quinones] kept running.
>
> [Appellant] then pushed the person who was stabbed, [Mr.] Gianquitto, aside, and he ran. He hid the gun that he had on him before he returned to the scene.
>
> When he was interviewed and prior to [the police] obtaining video footage of the incident, [Appellant] provided a fake—two fake accounts on separate occasions of the incident and would not identify anyone that was involved.
>
> When [Appellant] was interviewed, he had cocaine in his— the pocket of his sock. He's not permitted to own a firearm or carry a firearm due to a [possession with the intent to deliver a controlled substance] conviction from 2010,[2] and he did not have a license to carry.

N.T., 1/19/22, at 4-5 (footnote added).

At the conclusion of the hearing, the trial court imposed the agreed upon aggregate sentence of five years to ten years in prison, to be followed by five years of probation.

Appellant filed neither post-sentence motions nor a direct appeal. However, on January 15, 2023, Appellant filed a timely first *pro se* PCRA

---

[2] At lower court docket number CP-09-CR-0001152-2010, Appellant relevantly entered a guilty plea to a felony charge of possession with the intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30).

petition.[3] The PCRA court appointed William Shreve, Esquire, to represent Appellant, and on February 14, 2023, counsel filed a petition to withdraw, as well as a **Turner/Finley**[4] "no-merit" letter. On or about May 11, 2023, Appellant filed a *pro se* document indicating that PCRA counsel should have raised the additional issue of whether costs and fines were legally imposed.

By order entered on May 17, 2023, the PCRA court denied counsel's petition to withdraw without prejudice for counsel to file an advocate's brief or a supplemental "no-merit" letter addressing Appellant's additional claim. On May 22, 2023, counsel filed a supplemental "no-merit" letter and request to withdraw in accordance with **Turner/Finley**. By order entered on July 31, 2023, the PCRA court granted counsel's petition to withdraw, provided Appellant with notice of its intent to dismiss his PCRA petition without an evidentiary hearing, and advised Appellant he could file a response within twenty days of the filing of the order.[5]

_____

[3] Although the petition was docketed on January 20, 2023, we deem the petition to have been filed on January 15, 2023, when Appellant handed it to prison officials. **See Commonwealth v. Jones**, 549 Pa. 58, 700 A.2d 423 (1997) (explaining the prisoner mailbox rule).

[4] **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In this filing, PCRA counsel raised the issue of whether Appellant's guilty plea counsel was ineffective in failing to challenge Appellant's sentence on the basis the convictions merged for sentencing purposes.

[5] The record reveals Appellant was provided with notice of this order on July 31, 2023, via certified mail.

Appellant did not file a timely response, and on December 20, 2023, the PCRA court entered an order dismissing Appellant's PCRA petition.[6,7] On or about January 12, 2024, Appellant filed a timely *pro se* notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and

---

[6] The PCRA court's order properly provided Appellant with notice of his appeal rights. *See* Pa.R.A.P. 907. Further, the record reveals the order was served on Appellant on December 20, 2023, via certified mail.

[7] After the PCRA court entered its December 20, 2023, order dismissing Appellant's PCRA petition, but before Appellant filed his notice of appeal, Appellant filed a *pro se* document entitled "*Nunc Pro Tunc* Response to the Post Conviction Relief Act Court's July 31st, 2023, Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907." Therein, Appellant sought to amend his first PCRA petition to raise a claim that Section 6105 violates the Second Amendment to the United States Constitution as applied to him in this case under the United States Supreme Court's analysis in **New York State Rifle & Pistol Ass'n, Inc. v. Bruen**, 597 U.S. 1, 142 S.Ct. 2111 (2022). Appellant did not explain why he failed to present this claim prior to the PCRA court's dismissal order, he did not frame the issue as an after-discovered evidence claim, and he did not seek reconsideration of the PCRA court's December 20, 2023, dismissal order. The PCRA court did not address the motion.

We note that once the PCRA court renders a final decision on a PCRA petition the matter is concluded before the PCRA court, having been fully adjudicated, and the order generated is a final order that is appealable. Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."). Although liberal amendment of a PCRA petition is, in some circumstances, permitted by Pa.R.Crim.P. 905(A), the Rule cannot be construed as permitting the rejuvenation of a PCRA petition that has been fully adjudicated by the PCRA court. In any event, in this case, the PCRA court did not grant Appellant leave to amend, modify its December 20, 2023, dismissal order, or vacate its December 20, 2023, dismissal order to permit reconsideration. **See Commonwealth v. Porter**, 613 Pa. 510, 35 A.3d 4, 12 (2012) (noting Pa.R.Crim.P. 905 does not permit a petitioner to "simply 'amend' a pending petition with a supplemental pleading. Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court"); 42 Pa.C.S.A. § 5505 (providing a thirty-day period after the filing of a final order in which the court may modify or rescind an order).

consequently, no such statement was filed. However, the PCRA court filed an opinion in support of its order.

On appeal, Appellant presents the following issue in his "Statement of Questions Involved" (verbatim):

> Whether the Lower Court erred in denying Post-Conviction relief where Appellant has demonstrated the denial of initial-review PCRA counsel for counsel's failure to raise Appellant's actual innocence under the criminal statute which Appellant was convicted, specifically 18 Pa.C.S.A. § 6105, *et seq.*

Appellant's Brief at 4 (unnecessary capitalization and answer omitted).

Our scope and standard of review when reviewing the denial of a PCRA petition are well-settled:

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general, we may affirm the decision of the [PCRA court] if there is any basis on the record to support the [PCRA] court's action[.]

***Commonwealth v. Heilman***, 867 A.2d 542, 544 (Pa.Super. 2005) (quotations and citations omitted).

On appeal, Appellant claims PCRA counsel was ineffective for failing to raise the issue of Appellant's "actual innocence." Appellant's Brief at 7. He suggests that his guilty plea to one count of 18 Pa.C.S.A. § 6105 was unknowingly and unintelligently entered. In this vein, he contends that Section 6105(a)(1), as applied to him, violates his Second Amendment rights such that he did not enter a knowing and intelligent guilty plea. Appellant

avers that PCRA counsel's failure to present the claim that his plea was made unknowingly and unintelligently on this basis constitutes ineffective assistance of counsel.[8]

Initially, we note Appellant did not raise this issue of PCRA counsel's alleged ineffectiveness in the PCRA court. In any event, pursuant to *Commonwealth v. Bradley*, 669 Pa. 107, 261 A.3d 381 (2021), Appellant was permitted to raise his claim of ineffective assistance of PCRA counsel during this appeal from the dismissal of his timely filed first PCRA petition where PCRA counsel in question represented Appellant until the appeal. *See Bradley*, *supra* (holding a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if in a timely appeal).

The *Bradley* Court recognized that, in such cases, remand may sometimes be necessary:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue

---

[8] We note Appellant has not presented a layered claim of ineffectiveness. Specifically, he has neither averred nor developed an argument that his guilty plea counsel was ineffective.

concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Bradley*, *supra*, 261 A.3d at 402 (citations and quotation marks omitted). Thus, under *Bradley*, this Court may grant or deny relief where claims are straightforward or remand to the PCRA court where there are issues of material fact requiring further development of the record. *See id.*

In the case *sub judice*, Appellant challenges the effectiveness of PCRA counsel. Specifically, Appellant claims PCRA counsel was ineffective in failing to raise the issue of his "actual innocence" on the basis his guilty plea to one count of 18 Pa.C.S.A. § 6105(a)(1) was unknowingly and unintelligently entered since Section 6105(a)(1) violates the Second Amendment to the U.S. Constitution as applied to him. *See* Appellant's Brief at 7 (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111 (2022)).

As our Supreme Court has explained,

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from[,*inter alia*,] the "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Commonwealth v. Spotz*, 624 Pa. 4, 84 A.3d 294, 311 (2014) (quoting 42

Pa.C.S.A. § 9543(a)(2)(ii)).[9]

> [W]e observe that counsel is presumed to be effective, and the petitioner bears the burden of proving otherwise. To do so, he must establish the following three elements:
>
> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa.Super. 2020) (*en banc*)

(citations omitted). Failure to prove any of the three elements will result in

dismissal of the ineffectiveness claim. *Id.* Here, we conclude there is no

arguable merit to Appellant's underlying claim.

It is well settled that, to preserve a claim that a plea has been

unknowingly or unintelligently entered, the appellant must either object

during the plea colloquy or file a motion to withdraw the plea within ten days

of sentencing. *Commonwealth v. Pitt*, 313 A.3d 287, 295 (Pa.Super. 2024);

Pa.R.Crim.P. 720(B)(1)(a)(i). "Failure to employ either measure results in

waiver." *Pitt*, 313 A.3d at 287 (citation omitted).

---

[9] Appellant has not alleged that his guilty plea was unlawfully induced. *See* 42 Pa.C.S.A. § 9543(a)(2)(iii).

In the case *sub judice*, Appellant did not object to the entry of his guilty plea during the colloquy or seek to withdraw his guilty plea in the trial court.[10] Accordingly, had PCRA counsel attempted to raise this claim in the PCRA court, it would not have succeeded. **See Pitt**, **supra** (holding that, where the petitioner failed to preserve underlying claim that his plea was involuntarily entered, neither direct appeal counsel nor PCRA counsel could be ineffective for failing to challenge the voluntariness of the petitioner's plea). Consequently, PCRA counsel cannot be deemed ineffective on this basis.

Moreover, Appellant suggests PCRA counsel was ineffective in failing to raise the issue of whether the trial court should have dismissed the Section 6105(a)(1) firearms charge prior to the entry of Appellant's guilty plea. He asserts that Section 6105(a)(1) violates the Second Amendment to the U.S. Constitution as applied to him, and, thus, the firearms charge should have been dismissed.

Here, there is no indication Appellant filed a written motion or orally requested the dismissal of the Section 6105(a)(1) firearms charge in the trial court on this basis. Simply put, he did not preserve the underlying constitutional issue in the trial court. **See Commonwealth v. Armolt**, ____ Pa. ____, 294 A.3d 364 (2023) (holding constitutional challenges are subject to the ordinary preservation rules); Pa.R.A.P. 302(a) (indicating that, to

---

[10] There is no dispute that Appellant was advised of his right to file a post-sentence motion seeking to withdraw his guilty plea. N.T., 1/19/22, at 4, 7.

preserve an issue, it must be raised in the trial court). Accordingly, had PCRA counsel attempted to raise this claim in the PCRA court, it would not have succeeded.[11] **See Pitt**, **supra**. Consequently, PCRA counsel cannot be deemed ineffective on this basis. **See Johnson**, **supra**.

Finally, to the extent Appellant avers the PCRA court erred in failing to recognize that Section 6105 violates the Second Amendment as applied to him pursuant to **Bruen**, **supra**, we find this issue to be waived. **Bruen** was filed by the United States Supreme Court prior to Appellant filing the instant PCRA petition; however, as indicated *supra*, Appellant raised no claim regarding the Second Amendment or **Bruen** in any timely filing in the PCRA court. **See Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (holding that substantive issues not included in an original PCRA petition, or a court approved amended PCRA petition, cannot be raised for the first time on appeal). **See also Armolt**, **supra** (holding constitutional challenges are subject to the ordinary preservation rules). Accordingly, we decline to address this issue further.

For all of the foregoing reasons, we affirm.

Order affirmed.

---

[11] Appellant did not aver that guilty plea counsel was ineffective in failing to raise this claim in the trial court. That is, he has not presented a layered claim of ineffectiveness on appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/31/2025