J-S32036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEAL BRIAN MCCAWLEY | : | |
| | : | |
| Appellant | : | No. 790 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 6, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000276-2023

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: SEPTEMBER 30, 2025**

Appellant, Neal Brian McCawley, appeals from the judgment of sentence entered in the Court of Common Pleas of Cumberland County following his plea of *nolo contendere* to the charge of harassment, 18 Pa.C.S.A. § 2709(a)(4). Appellant's counsel has filed a petition seeking to withdraw her representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief"). After our careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: On April 5, 2023, the Commonwealth filed an Information charging Appellant with Count 1, harassment, 18 Pa.C.S.A. § 2709(a)(4), and Count 2, harassment, 18 Pa.C.S.A. § 2709(a)(6). On May 17, 2023, Appellant filed a counseled motion pursuant to Section 402 of the Mental Health Procedures Act ("MPHA")[1] seeking a determination as to Appellant's competency, and on May 18, 2023, the trial court directed Appellant to undergo a competency examination by a qualified provider.

On August 23, 2023, a board-certified psychiatrist, Asim K. Rana, M.D., from the Office of Mental Health and Substance Abuse Services, provided the trial court with a detailed mental health report. Specifically, Dr. Rana indicated he conducted a psychiatric examination of Appellant, and, ultimately, Dr. Rana opined Appellant is medically competent to stand trial. Dr. Rana noted that Appellant is substantially able to understand the nature or object of the criminal proceedings, as well as participate or assist in his defense.

On May 6, 2024, Appellant, represented by counsel, proceeded to a hearing where he entered a negotiated plea of *nolo contendere*[2] to a single

---

[1] 50 P.S. § 7101 *et seq*.

[2] We note that "a plea of *nolo contendere* is a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him as if he were
*(Footnote Continued Next Page)*

count of harassment, 18 Pa.C.S.A. § 2709(a)(4). In exchange, the Commonwealth withdrew the remaining charge of harassment.

At the commencement of the plea hearing, the Commonwealth indicated Appellant was pleading to "Count 1, Harassment, a misdemeanor of the third degree." N.T., 5/6/24, 1. The Commonwealth noted "[w]e have a recommendation to the Court for probation." *Id.* The Commonwealth then set forth the facts underlying Appellant's plea as follows:

> On September 18th of 2022[,] [Appellant] was having communication with his sister[.] There were numerous messages. I think [Appellant] was trying to have some communication that he believed to be relevant, but the victim, his sister, no longer wanted that communication; and it still continued even after she told him. I think there were like 80 pages, 40 e-mails, and just contact she did not wish to have into the early morning hours over one day.

*Id.* at 2.

Appellant agreed that, if he proceeded to trial, it was "likely" the Commonwealth could prove these facts beyond a reasonable doubt. *Id.* He further agreed that these facts would "make out the crime of harassment, which is a misdemeanor of the third degree[.]" *Id.* at 3.

The trial court reviewed the rights, which Appellant was waiving by entering a plea of *nolo contendere*, and Appellant confirmed he understood

---

guilty." ***Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa.Super. 2010) (quotation omitted).

and discussed these rights with his attorney. *Id.* at 2-3. The following relevant exchange then occurred between the trial court and Appellant:

Q. Okay. [Appellant]—as you sit there today, are you under the influence of any drugs or alcohol or medication that makes it so you don't understand what's happening?

A. No.

Q. And did anyone threaten you or promise you anything to make you enter this plea?

A. No.

Q. Any more questions for your attorney or myself?

A. Well, how long will the probation be for?

Q. Well, we'll get to that….So, considering all of that, how do you wish to plea to Count 1, Harassment, which is a misdemeanor in the third degree?

A. *Nolo contendere*.

THE COURT: I will accept your plea. And now, today's date, [Appellant] having appeared in court with counsel[,] and having tendered a knowing, intelligent, and voluntary plea of *nolo contendere* to Count 1, Harassment, a misdemeanor in the third degree, in full satisfaction of all charges, his plea is accepted and recorded.

*Id.* at 4-5.

Appellant's counsel indicated that Appellant wished to proceed immediately to a sentencing hearing. Appellant's counsel then stated the following:

I've been dealing with [Appellant] for a while, and he's not a criminal in my book. He—I think a lot of what happened here was he was unable to help himself with what was happening and what he was dealing with, the stress and anxiety of what he was dealing with, so we would ask for a six-month probation term, Your Honor. He is trying to move. He does have trouble finding places to live since he was evicted from his mom's house. That has been a problem with him finding places to live. He is on social security.

- 4 -

> That's his sole source of income, so he is—he doesn't have a whole lot of funds available.  He would ask for a low fine.

*Id.* at 5.

The trial court responded that it was not going to impose a fine in this case.  *Id.*  The Commonwealth indicated it was satisfied with the imposition of a period of probation, as well as a no contact order as to the victim.  *Id.* at 2, 6.  The Commonwealth noted Appellant has no prior record score, provided the trial court with the relevant sentencing guidelines, and indicated the sentencing ranges are "RS."  *Id.* at 2.  The trial court asked Appellant if he wished to make a statement, and Appellant indicated he wanted six months of probation.  *Id.* at 6.

The trial court indicated it was sentencing Appellant to twelve months of probation with the first six months supervised and, if Appellant remains compliant, the remaining six months would be unsupervised.  *Id.*  The trial court imposed the following conditions on Appellant's probation: Appellant shall obtain a mental health evaluation and comply with the recommended treatment, as well as have no contact with the victim.  The trial court then asked Appellant's counsel if he would review Appellant's post-sentence rights with him, and counsel answered affirmatively.  *Id.* at 9.

Moreover, the record reveals that, on May 6, 2024, Appellant completed a written *nolo contendere* plea.  Therein, Appellant relevantly acknowledged the rights, which he was waiving by entering his plea, and he indicated he understood English.  Appellant confirmed that he understood the nature of the

charges against him, and no one made any threats or promises beyond the agreement with the Commonwealth. He also confirmed that he understood it was his decision, and not his attorney's decision, to enter a plea of *nolo contendere*.

Appellant did not file post-sentence motions; however, Appellant filed a timely notice of appeal on June 3, 2024. All Pa.R.A.P. 1925 requirements have been met. On appeal, appellate counsel, Shannon Costa, Esquire, has filed a petition to withdraw as counsel along with an **Anders** brief. Moreover, Appellant has filed *pro se* briefs for this Court's consideration.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in **Santiago** stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra*, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with the *Anders* requirements is sufficient. *See id.*

Herein, counsel filed a petition to withdraw as counsel and an *Anders* brief.[3] Her brief and petition substantially comply with the technical

---

[3] For clarification purposes, we note that Appellant was initially represented on appeal by Katie J. Maxwell, Esquire, who filed an *Anders* brief on October 21, 2024. However, Attorney Maxwell failed to file the requisite paper copies of the *Anders* brief, and, therefore, this Court directed her to do so within seven days. Attorney Maxwell failed to comply with our order, and out of an abundance of caution, we remanded to the trial court to determine whether Attorney Maxwell had abandoned Appellant. On April 23, 2025, the trial court filed an order with this Court indicating that Attorney Maxwell had not abandoned Appellant; however, their relationship was irrevocably broken. According, the trial court appointed Attorney Costa to represent Appellant, and on April 28, 2025, Attorney Costa filed in this Court a petition to withdraw as counsel. She indicated she was providing the requisite number of paper copies and relying on the *Anders* brief previously filed by Attorney Maxwell.
*(Footnote Continued Next Page)*

requirements of **Anders** and **Santiago**. Moreover, counsel has provided this Court with a copy of the letter, which she sent to Appellant advising him of his right to retain new counsel, proceed further with his case *pro* se, and raise any points that he deems worthy of this Court's attention. **See Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005). As indicated *supra*, Appellant filed *pro se* briefs.

Therefore, we proceed to examine the issues counsel identified in the **Anders** brief, as well as the issues raised in Appellant's *pro se* briefs, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

> In the **Anders** brief, counsel sets forth the following issues (verbatim):
>
> I. Was [Appellant's] *nolo contendere* plea knowingly, voluntarily, and intelligently entred [*sic*] when he was under the influence of Valium at the time of [the] plea?
>
> II. Was Appellant's counsel ineffective for permitting Appellant to enter a plea while under the influence of Valium and without sufficient time to review the terms of the plea?

**Anders** Brief at 6 (unnecessary capitalization and trial court answers omitted).

---

Notably, Appellant filed a *pro se* brief in response to Attorney Maxwell's **Anders** brief, and out of an abundance of caution, this Court gave Appellant permission to file an additional *pro se* brief in response to Attorney Costa's adoption of the previously filed **Anders** brief.

In the first issue presented in the **Anders** brief, Appellant contends his plea of *nolo contendere* was unknowingly, involuntarily, and unintelligently entered because he was under the influence of Valium at the time he entered the plea.

Initially, we note it is well settled that, to preserve a claim that a plea has been unknowingly or unintelligently entered, the appellant must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. **Commonwealth v. Pitt**, 313 A.3d 287, 295 (Pa.Super. 2024); Pa.R.Crim.P. 720(B)(1)(a)(i). "Failure to employ either measure results in waiver." **Pitt**, 313 A.3d at 287 (citation omitted). Here, Appellant did not object to the voluntariness of his plea during the plea colloquy, and he did not file a post-trial motion seeking to withdraw his plea.

However, we are mindful that our Rules of Criminal Procedure provide that, at sentencing, "[t]he judge shall determine on the record that the defendant has been advised of…the right to file a post-sentence motion and to appeal, [and] the time within which the defendant must exercise those rights[.]" Pa.R.Crim.P. 704(C)(3)(a). As this Court has recognized, the Comment to Rule 704 states that "a written colloquy advising a defendant of his post-sentence and appellate rights may be used as long as it is made part of the record of the sentencing proceeding and is supplemented by an on-the-record examination." **Commonwealth v. Evans**, 201 A.3d 248, 250 n.4. (Pa.Super. 2018). Where the trial court fails to abide by Rule 704(C)(3)(a),

a breakdown in the court's operations occurs. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007).

Here, the trial court failed to advise Appellant of his appellate and post-sentence rights and merely asked Appellant's counsel to do so. However, the record does not reflect that Appellant's counsel actually advised Appellant. Also, we note that, while Appellant completed a written plea colloquy, the colloquy made no mention of Appellant's post-sentence or appellate rights. Accordingly, we decline to find waiver on this basis. **See id.**

"Generally, a plea of guilty [or no contest] amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa.Super. 2017) (citation omitted). It is well-settled that "a plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." **Commonwealth v. Carter**, 464 A.2d 1327, 1334 (Pa.Super. 1983) (citation omitted). However, "[o]ur law presumes that a defendant who enters a guilty plea [or plea of *nolo contendere*] was aware of what he was doing. He bears the burden of doing otherwise." **Commonwealth v. Rush**, 909 A.2d 805, 808 (Pa.Super. 2006). "Where the record clearly demonstrates that a [] plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." **Id.**

Moreover, we emphasize that "[a] defendant is bound by statements made during a plea colloquy and a defendant may not later offer reasons for withdrawing the plea that contradict the statements he made when he pled." *Commonwealth v. Kapellusch*, 323 A.3d 837, 848 (Pa.Super. 2024) (citation omitted). *See Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa.Super. 2018) ("[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy").

Here, Appellant contends his plea was unknowingly and involuntarily made because, at the time he entered his plea, he was under the influence of Valium. We find Appellant is not entitled to relief on this claim.

Specifically, during the plea hearing, the trial court specifically asked Appellant: "[A]s you sit there today, are you under the influence of any drugs or alcohol or medication that makes it so you don't understand what's happening?" N.T., 5/6/24, at 4. Appellant responded, "No." *Id.* Accordingly, Appellant cannot now seek to assert grounds for withdrawing his plea that contradict this statement, which he made during the plea colloquy. *See Pier*, *supra*.

In the second issue presented in the *Anders* brief, Appellant contends plea counsel was ineffective in permitting him to enter a plea while he was

- 11 -

under the influence of Valium and without permitting Appellant sufficient time to review the terms of the plea.

In **Commonwealth v. Holmes**, 621 Pa. 595, 79 A.3d 562 (2013), the Pennsylvania Supreme Court reaffirmed the general rule which was initially set forth in **Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA[4] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, 79 A.3d at 576 (footnote omitted (footnote added). The **Holmes** Court identified two limited exceptions to this general rule: (1) in "an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) when the defendant raises "multiple, and indeed comprehensive, ineffectiveness claims[,]" which the court, "in its discretion, and for good cause shown," determines post-verdict review is warranted, and the defendant waives his right to PCRA review. **Id.** at 577-78.

In **Commonwealth v. Delgros**, 646 Pa. 27, 183 A.3d 352 (2018), our Supreme Court additionally recognized an exception "where the defendant is statutorily precluded from obtaining subsequent PCRA review[.]" **Id.** at 361.

---

4 Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

In **Delgros**, the defendant was sentenced to pay a fine without incarceration or probation. **Id.** at 353.

Here, on May 6, 2024, Appellant was sentenced to one year of probation, which he completed. Thus, Appellant is no longer serving "a sentence of imprisonment, probation, or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). Consequently, Appellant would be ineligible for PCRA relief. **See id.** Accordingly, since Appellant would be precluded from seeking PCRA review of his ineffective assistance of plea counsel claim, we conclude that consideration of the claim on direct review is warranted.[5] **See Delgros**, **supra**; **Commonwealth v. Stefanowicz**, 315 A.3d 162 (Pa.Super. 2024) (holding the appellant, who was sentenced to and served six months of probation, satisfied the third exception since he was statutorily precluded from obtaining subsequent PCRA review).

_____

[5] We note that, generally, to preserve the claim of ineffective assistance in this circumstance, it was necessary for Appellant to present the claim in a timely post-sentence motion. **See Delgros**, **supra** (holding where the defendant was ineligible for statutory collateral review because he was sentenced to pay a fine without imprisonment or probation, the defendant was permitted to raise ineffectiveness claim in post-sentence motions); **Commonwealth v. Gordon**, No. 2587 EDA 2024, 2025 WL 1565184 (Pa.Super. filed 6/3/25) (unpublished memorandum) (noting to qualify for any of these exceptions, which permit ineffectiveness claims to be raised on direct appeal, an appellant must first raise his ineffectiveness claims before the trial court or the claims are waived) (citations omitted)). **See also** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value). However, as indicated *supra*, there was a breakdown in the trial court as it relates to ensuring Appellant was aware of his post-sentence rights. Accordingly, we decline to find waiver in this instance. **See Patterson**, **supra**.

In reviewing Appellant's ineffective assistance of counsel claim, we are mindful that, since there is a presumption counsel provided effective representation, the defendant bears the burden of proving ineffectiveness. *Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282 (2010). To prevail on an ineffective assistance claim, a defendant must establish "(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.*, *supra*, 10 A.3d at 291 (citations omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Id.* Notably, "[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Johnson*, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (citation omitted).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. Allegations of ineffectiveness in connection with the entry of a guilty plea [or plea of *nolo contendere*] will serve as a basis for relief…if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quotations and quotation marks omitted).

- 14 -

Initially, in the ***Anders*** brief, Appellant contends plea counsel was ineffective in permitting him to enter his plea while he was under the influence of Valium. However, as indicated *supra*, Appellant denied during the plea colloquy, in the presence of the trial court and counsel, that he was under the influence of any drugs or alcohol or medication that made it so that he didn't understand what was happening. Appellant is bound by his statement, which he made under oath. ***See Pier***, ***supra***.

Moreover, the trial court indicated in its opinion that "Appellant gave no indications that he was impaired by drugs or another substance at the time of his plea[.]" Trial Court Opinion, filed 7/29/24, at 9. Thus, Appellant has failed to meet his burden that plea counsel was ineffective in this regard. ***See Commonwealth v. Willis***, 68 A.3d 997, 1010 (Pa.Super. 2013).

Next, to the extent Appellant asserts in the ***Anders*** brief that plea counsel was ineffective in permitting Appellant to enter a plea "without sufficient time to review the terms of the plea," we conclude Appellant is not entitled to relief. ***Anders*** Brief at 5.

Simply put, during the plea colloquy, the trial court specifically asked Appellant the following question: "Have you had enough time to discuss your case and this plea with your attorney?" N.T., 5/6/24, at 3. Appellant specifically answered, "Yes." ***Id.*** He also confirmed that he understood the rights, which he was giving up by entering his plea. ***Id.***

Inasmuch as Appellant is bound by the statements he made in open court, and he cannot now assert grounds for withdrawing his plea that contradict these statements, we conclude Appellant is not entitled to relief regarding his claim that plea counsel failed to give him sufficient time to review the plea. **See Pier**, **supra**. Simply put, there is no arguable merit to the underlying claim. **See Ali**, **supra**.

Further, aside from baldly suggesting he would have liked more time to review the plea, Appellant has not demonstrated it is reasonably probable that, had he been given more time to review the plea, he would not have pled *nolo contendere* and would have gone to trial. **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa.Super. 2002) ("To succeed in showing prejudice, for purposes of claim of ineffective assistance of counsel in connection with guilty plea, defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pled guilty and would have gone to trial.") (citation omitted). Thus, Appellant has not demonstrated he was prejudiced by the alleged ineffective assistance of counsel.

We now turn to a review of the claims raised in Appellant's *pro se* briefs. Therein, Appellant claims the trial court failed to ensure Appellant understood the nature of his plea agreement. In this regard, he notes he was charged with two counts of harassment; however, he alleges that he was not informed of the specific harassment charge to which he was pleading *nolo contendere*. We find no merit to Appellant's claim.

During the plea hearing, the Commonwealth specifically informed the trial court that it was proceeding solely on Count 1 of the complaint, to which Appellant agreed to plea *nolo contendere*. N.T., 5/6/24, at 1, 3. Appellant asked the trial court if "the second harassment charge [was] dismissed," and the trial court answered affirmatively. *Id.* at 3. The trial court specifically stated that it was accepting Appellant's "voluntary plea of *nolo contendere* to Count 1, Harassment, a misdemeanor of the third degree." *Id.* at 5. Count 1 of the complaint was harassment under 18 Pa.C.S.A. § 2709(a)(4).

Moreover, the May 6, 2024, written *nolo contendere* plea, which Appellant signed, specifically indicates on the first page that Appellant is entering a plea of *nolo contendere* to "Harassment-Count 1 2709(a)(4)." Accordingly, we find no merit to Appellant's claim that he was not informed of the subsection of harassment to which he was entering his plea.

Appellant next claims that the evidence was insufficient to sustain his harassment conviction. We note that "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." ***Commonwealth v. Prieto***, 206 A.3d 529, 533–34 (Pa.Super. 2019) (citation omitted). Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" ***Commonwealth v. Eisenberg***, 626 Pa. 512, 98 A.3d 1268, 1275 (2014) (citation omitted). This Court has specifically held that an

appellant waives any issue related to the sufficiency of the evidence by entering a guilty plea. *See Commonwealth v. Rounsley*, 717 A.2d 537, 539 (Pa.Super. 1998). Accordingly, in the case *sub judice*, Appellant has waived his sufficiency of the evidence issue when he entered his plea of *nolo contendere*.

Appellant next claims his plea of *nolo contendere* was not voluntarily entered since he was under the influence of Valium at the time he entered the plea. This issue was presented in the *Anders* brief. As discussed *supra*, the record belies Appellant's assertion, and we find no relief is due.

Appellant next claims plea counsel was ineffective in advising him that, if he entered a plea of *nolo contendere*, he would "walk away free and clear." We conclude Appellant is not entitled to relief.

During the plea hearing, the Commonwealth specifically informed the trial court that the plea included a recommendation "for probation." N.T., 5/6/24, at 1. Appellant acknowledged that, in exchange for his plea, he would be receiving a period of probation. *Id.* at 4. Specifically, during the plea colloquy, prior to sentencing, Appellant asked the trial court "how long will the probation be for?" *Id.* In response, the trial court indicated: "Well, we'll get to that. That's [decided during sentencing, which is] the second part, but usually a year." *Id.* The trial court then asked Appellant how he wished to plead to "Count 1, Harassment[.]" *Id.* Appellant responded, "*Nolo contendere*." *Id.*

In light of the aforementioned, assuming, *arguendo*, counsel made statements off the record prior to the hearing advising Appellant that he would "walk away free and clear" if he entered his plea, we conclude Appellant has not demonstrated he was prejudiced. **Hickman**, **supra**. That is, given that Appellant entered his plea after the trial court confirmed he would be receiving a period of probation, Appellant has not demonstrated it is reasonably probable that, but for counsel's alleged advice, he would not have pled *nolo contendere* and would have gone to trial. **Id.**

Appellant next claims plea counsel was ineffective in advising him to enter a "self-destructive" plea because he was not given sufficient time to review the plea. This issue was presented in the **Anders** brief, and as indicated *supra*, Appellant is not entitled to relief.

In his next claim, Appellant alleges the trial judge was "unfair" and "too eager to accept the plea deal." Appellant's *Pro Se* Brief, filed 12/4/24, at 26. He also baldly claims plea counsel was "intoxicated" during the plea hearing. We conclude Appellant has waived these claims.

Specifically, in his *pro se* brief, for these two claims, Appellant presents three paragraphs of rambling, bald assertions without any citation to

authority. *Id.* at 26-27. Accordingly, we decline to address these issues further.[6]

After examining the issues contained in the *Anders* brief, as well as Appellant's *pro se* briefs,[7] we conclude the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal." *Yorgey*, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

_____

[6] We note our independent review of the record, including the notes of testimony from the plea colloquy, does not reveal any evidence that the trial court was "unfair" in this matter or that plea counsel was "intoxicated."

[7] We note that we have reviewed both of Appellant's *pro se* briefs. While the December 4, 2024, *pro se* submission arguably presents issues and develops arguments permitting our meaningful review as to some claims, Appellant's August 1, 2025, *pro se* brief consists of bald assertions presented in a rambling fashion without citation to relevant authority. To the extent we discern any properly raised issues, we conclude our discussion *supra* disposes of the issues presented therein.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2025