J-S04009-24

2024 PA Super 61

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :         PENNSYLVANIA
    :
        v.     :
    :
    :
WILLIAM PITT     :
    :
      Appellant     :     No. 466 EDA 2023

Appeal from the PCRA Order Entered January 26, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014105-2014

BEFORE: BOWES, J., STABILE, J., and LANE, J.

OPINION BY BOWES, J.:                 **FILED MARCH 27, 2024**

William Pitt appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

This Court has previously recounted the lengthy procedural background of this matter as follows:

> On April 11, 2016, [Appellant] entered an open guilty plea to third-degree murder, aggravated assault, and possession of an instrument of a crime [relating to the stabbing death of Tyhief Thomas]. The court imposed an aggregate sentence of 20 to 40 years' incarceration. The court also imposed restitution in the amount of $10,000 to the victim's family, for funeral expenses. [Appellant] filed a post-sentence motion seeking reconsideration of his sentence, which was denied. [Appellant] appealed, and we affirmed his judgment of sentence on March 13, 2018. [Appellant] did not seek allowance of appeal.
>
> Less than one year after we affirmed, on September 25, 2018, [Appellant] filed the instant *pro se* PCRA petition, his first. He asserted claims that his plea counsel was ineffective for causing him to enter into an involuntary plea, the sentencing statute for third-degree murder was unconstitutional, and his sentence was illegal. Counsel was appointed and filed a *. . .* no-

merit letter and a motion to withdraw as counsel [pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*)]. The court thereafter issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition on August 23, 2019.

On September 20, 2019, [Appellant] filed a *pro se* response to the Rule 907 notice, styled as "Amended Post Conviction Relief Act Petition in Response to this Court's 907 Notice to Dismiss" (hereinafter, "907 Response"), in which he claimed the following: 1) his guilty plea was unknowing and unintelligent because he was not informed at the guilty plea hearing that his sentence would include mandatory restitution; 2) his trial, direct appeal, and PCRA counsel were all ineffective for failing to raise this claim; 3) his trial, direct appeal, and PCRA counsel were all ineffective for failing to raise the claim that 18 Pa.C.S. § 2502(c) (regarding third-degree murder) was unconstitutionally vague; and 4) plea counsel was ineffective for failing to investigate and call witness Melissa Hurling, and PCRA counsel was ineffective for failing to raise this claim. The court ordered PCRA counsel to review [Appellant]'s 907 Response.

[Appellant] later wrote to the PCRA court, on October 10, 2019, requesting a new attorney. [Appellant] explained that since his 907 Response raised several claims of PCRA counsel's ineffectiveness, PCRA counsel could no longer represent him because the claims created a conflict of interest.

After reviewing [Appellant]'s 907 Response, . . . counsel filed an amended PCRA petition ("Counseled Amended PCRA Petition"). The amended petition asserted a single claim: that plea counsel was ineffective for failing to inform [Appellant] that his sentence included mandatory restitution in the amount of $10,000. Counsel did not address the other issues raised in [Appellant]'s 907 Response.

[Appellant] filed another *pro se* petition on July 24, 2020, alleging the same claims set forth in his 907 Response, and adding a claim that he was innocent of third-degree murder.

The court held an evidentiary hearing on February 26, 2021, on the single claim set forth in [Appellant]'s Counseled Amended PCRA Petition, namely that plea counsel was ineffective for failing to notify [Appellant] that his sentence included restitution. During

the hearing, the Commonwealth volunteered that it only had documentation in the amount of $8,192 for the restitution for funeral expenses, and not in excess of $10,000 as the victim's family had stated at sentencing. The court allowed [Appellant]'s counsel to amend the petition to include a claim that the restitution amount was not supported by the evidence. [Appellant also testified on his own behalf that had he known he would be required to pay $10,000 in restitution, he would not have pled guilty.]

At the conclusion of the hearing, the court granted [Appellant]'s claim [in part] and vacated the restitution award for lack of proof. However, it rejected [Appellant]'s other PCRA claims, including his claim that plea counsel was ineffective. [Appellant] thereafter filed [a] timely appeal. During the pendency of th[at] appeal, [Appellant] filed a motion to proceed *pro se*[, which we ultimately granted. Appellant subsequently filed a *pro se* supplemental Pa.R.A.P. 1925(b) statement of errors complained of on appeal].

***Commonwealth v. Pitt***, 285 A.3d 949, 2022 WL 4392746 at *1-2 (Pa.Super. 2022) (non-precedential decision) (cleaned up).

On appeal to this Court, one of Appellant's issues was whether the PCRA court erred by refusing to appoint him new counsel after he alleged ineffectiveness against PCRA counsel in his 907 Response. Without deciding the merits of any of Appellant's other contentions, this Court vacated the order denying the petition and remanded the matter for "appointment of substitute PCRA counsel to ensure that [A]ppellant's interests are adequately represented and his right to counsel fully realized." ***Id***. at *3.

On remand, the PCRA court appointed new counsel, who reviewed all of Appellant's PCRA-related claims. The attorney issued a letter to both the court and Appellant, concluding that none of the issues warranted relief and that none of Appellant's prior attorneys was ineffective. Counsel did not move to

withdraw. The court agreed with the rationale in the letter and entered an order on January 26, 2023, again denying the petition.

Appellant filed the instant timely appeal through his same post-remand counsel.[1] He also complied with the court's order directing that he file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). The PCRA court entered a new Rule 1925(a) opinion, which in relevant part directed us to its prior opinions from June 4, 2021, and December 30, 2021. Appellant then submitted an application to this Court requesting leave to proceed *pro se*. After we remanded for the PCRA court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), and following appropriate findings by the court, we permitted Appellant to proceed on appeal *pro se*.

This matter is now ripe for review. Appellant raises the following issues:

> I. Was direct appeal counsel ineffective for failing to raise the claim that . . . Appellant's plea was unknowing, involuntary[,] and unintelligent where he was never informed that he was subject to mandatory restitution as part of his plea?
>
>> a. Was PCRA counsel ineffective for failing to raise this claim in the PCRA court?

---

[1] We disapprove of the procedure wherein substitute PCRA counsel argued against the interests of his client, without seeking leave to withdraw, and then continued to represent Appellant on appeal. To the extent substitute counsel believed that none of his client's PCRA claims had merit, he was required to submit a no merit letter **and a motion to withdraw as counsel** in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). However, since Appellant does not raise the issue on appeal, we need not address it further.

II. The PCRA court committed an error of law when it denied Appellant's claim that trial and direct appeal counsel w[ere] ineffective for failing to raise the claim that 18 Pa.C.S. § 2502(c) is unconstitutionally vague and PCRA counsel was ineffective for failing to raise this claim.

Appellant's brief at 7 (cleaned up).

We begin with the legal tenets pertinent to our review. "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Wharton*, 263 A.3d 561, 567 (Pa. 2021) (citations omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Thomas*, 270 A.3d 1221, 1226 (Pa.Super. 2022).

Both of Appellant's issues raise layered claims of ineffective assistance of counsel. In this vein, we observe that counsel is presumed to be effective, and the petitioner bears the burden of proving otherwise. *See Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa.Super. 2020) (*en banc*). To do so, he must establish the following three elements:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id*. (citations omitted). Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. *Id*. (citation omitted). Additionally,

"[w]e are not required to analyze the elements of an ineffectiveness claim in any particular order." ***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019).

This Court has stated that a claim "has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa.Super. 2013) (cleaned up). "Whether the facts rise to the level of arguable merit is a legal determination." ***Id***.

With regard to the prejudice prong, our Supreme Court has defined actual prejudice as

> [a] reasonable probability that, but for counsel's lapse, the result of the proceeding would have been different. In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Ultimately, a reviewing court must question the reliability of the proceedings and ask whether the result of the particular proceeding was unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.
>
> A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding. Such a determination necessarily requires an assessment of the trial evidence as a whole, measured along with what is proffered on collateral attack.

***Commonwealth v. Crispell***, 193 A.3d 919, 932 (Pa. 2018) (cleaned up).

Since Appellant has raised layered claims of ineffectiveness, the following also applies:

> [A] petitioner must present argument, in briefs or other court memoranda, on the three prongs of the [ineffectiveness] test as

to each relevant layer of representation. If any one of the prongs as to trial counsel's ineffectiveness is not established, then necessarily the claim of appellate counsel's ineffectiveness fails. Only if all three prongs as to the claim of trial counsel's ineffectiveness are established, do prongs [two] and [three] of the [ineffectiveness] test as to the claim of appellate counsel's ineffectiveness have relevance, requiring a determination as to whether appellate counsel had a reasonable basis for his course of conduct in failing to raise a meritorious claim of trial counsel's ineffectiveness (prong [two]) and whether petitioner was prejudiced by appellate counsel's course of conduct in not raising the meritorious claim of trial counsel's ineffectiveness (prong [three]).

*Commonwealth v. Reid*, 99 A.3d 470, 482 (Pa. 2014) (citation omitted). In other words, before we consider whether PCRA counsel was ineffective, Appellant initially must sustain his burden of proving that all implicated prior counsel were ineffective.

Appellant first contends that his direct appeal and PCRA counsel were ineffective for failing to raise the claim that his plea was not made knowingly, voluntarily, and intelligently. *See* Appellant's brief at 11-22. Specifically, he notes that he first became aware that he would have to pay restitution to the victim's family at the time he was sentenced, after entry of his plea. *Id*. at 11. Appellant avers that since he did not know of this important fact when he pled guilty, it was not knowing or voluntary. *Id*. at 13. As such, he asserts that neither direct appeal nor PCRA counsel had a reasonable basis to refrain

- 7 -

from raising this claim, and that he was prejudiced by the inability to revoke his guilty plea.[2]  *Id*. at 13-18.

In addressing this claim, the PCRA court first determined that Appellant did not prove arguable merit with regard to the underlying claim.  *See* PCRA Court Opinion, 12/30/21, at 6-7.  It recounted that Appellant never sought to revoke his guilty plea prior to filing his direct appeal.  *Id*. at 6.  Accordingly, any direct-appeal challenge to the voluntariness of his plea would have failed as a matter of law since it was not preserved for appellate review.  *Id*. at 6-7.  Based on this, the court found that neither direct appeal counsel nor PCRA counsel could be deemed ineffective for failing to present a claim that lacked merit.  *Id*. at 7.

On review, we find that the PCRA court's findings are supported by the record and free of legal error.  As the court aptly noted, because Appellant failed to challenge the voluntariness of his plea before the trial court, that issue could not be presented on direct appeal.  *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa.Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object

_____

[2] Appellant analogizes this case to *Commonwealth v. Rotola*, 173 A.3d 831 (Pa.Super. 2017).  There, this Court vacated a judgment of sentence on direct appeal after the defendant entered an open plea but was not informed by either counsel or the trial court that mandatory restitution would be included in the sentence.  However, *Rotola* is distinguishable because the defendant there challenged the amount of restitution both post-sentencing and on direct appeal.  As will be discussed in more detail in the body of this opinion, Appellant did neither here, therefore waiving any direct appeal challenge to the voluntariness of his guilty plea and rendering *Rotola* inapposite.

during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." (citations omitted)). In light of this, had direct appeal counsel attempted to raise this claim, it would not have succeeded. Therefore, Appellant's assertion of ineffectiveness against appellate counsel lacks arguable merit. *See* ***Commonwealth v. Rivera***, 199 A.3d 365, 385 (Pa. 2018) (indicating that counsel cannot be found ineffective for choosing not to raise a meritless claim). Since direct appeal counsel was not ineffective for failing to raise this claim, Appellant's layered claim against PCRA counsel also fails. ***See Reid***, 99 A.3d at 482.

Moreover, and notably, Appellant does not claim that PCRA counsel was ineffective in failing to argue that **plea** counsel was ineffective in inducing him to make an involuntary plea. However, it is apparent that any such argument would not have succeeded, because the PCRA court found incredible Appellant's testimony that he would not have pled guilty had he known about the financial consequences of his plea. Specifically, the court noted that, before entering his plea, Appellant acknowledged his understanding that he could have been fined up to $85,000 as part of his sentence. ***See*** PCRA Court Opinion, 6/4/21, at 9. Rather, the court determined that Appellant pled guilty to preclude the possibility of being imprisoned for life without the possibility for parole where he was alleged to have stabbed the victim thirty times and was charged with first-degree murder. ***Id***. Given the term of incarceration that the plea allowed Appellant to avoid, the court concluded that Appellant

would not have changed his decision to plead guilty had he been informed of the restitution. Therefore, Appellant was not prejudiced by any inaction of counsel. *Id*. at 10. This credibility determination is supported by competent evidence, and we will not reconsider it. *See Commonwealth v. Mojica*, 242 A.3d 949, 956 (Pa.Super. 2020) ("[W]e are bound by the credibility determinations of the PCRA court, particularly where, as here, those findings are supported by the record").

Appellant next contends that he is entitled to relief because his attorneys failed to argue that the statute for third-degree murder is unconstitutionally vague. In instances where a reviewing court considers a challenge to the constitutionality of a statute based on vagueness,

> we presume the statute to be constitutional and will only be invalidated as unconstitutional if it clearly, palpably, and plainly violates constitutional rights. Related thereto, courts have the duty to avoid constitutional difficulties, if possible, by construing statutes in a constitutional manner. Consequently, the party challenging a statute's constitutionality bears a heavy burden of persuasion.
>
> . . . .
>
> Specifically with respect to a penal statute, our Court and the United States Supreme Court have found that to withstand constitutional scrutiny based upon a challenge of vagueness a statute must satisfy two requirements. A criminal statute must define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.
>
> In considering these requirements, both High Courts have looked to certain factors to discern whether a certain statute is impermissibly vague. For the most part, the Courts have looked

- 10 -

at the statutory language itself, and have interpreted that language, to resolve the question of vagueness. In doing so, however, our Court has cautioned that a statute is not to be tested against paradigms of legislative draftsmanship, and thus, will not be declared unconstitutionally vague simply because the Legislature could have chosen clear and more precise language. **The Courts have also looked to the legislative history and the purpose in enacting a statute in attempting to discern the constitutionality of the statute.**

*Commonwealth v. Kakhankam*, 132 A.3d 986, 990-91 (Pa.Super. 2015) (cleaned up, emphasis added) (citing *Commonwealth v. Ludwig*, 874 A.2d 623, 628-29 (Pa. 2005)). Our High Court has also stated that, "[a]lthough at first blush a law may appear vague on its face and those subject to it without fair notice, . . . it may withstand a constitutional challenge if it has been **narrowed by judicial interpretation**, custom and usage[.]" *Fabio v. Civil Serv. Comm'n of City of Philadelphia*, 414 A.2d 82, 85 (Pa. 1980) (emphasis added).

Further, "[w]here, as here, a vagueness challenge does not involve First Amendment freedoms, it is examined in the light of the facts of the case at hand, and the statute is judged on an as-applied basis." *Commonwealth v. Herman*, 161 A.3d 194, 204-05 (Pa. 2017) (cleaned up). Since this presents a question of law, "our standard or review is *de novo* and our scope of review is plenary." *Commonwealth v. Berry*, 167 A.3d 100, 104 (Pa.Super. 2017) (citation omitted).

The statute that Appellant challenges, 18 Pa.C.S. § 2502, states in relevant part as follows:

**§ 2502. Murder**

- 11 -

**(a) Murder of the first degree.**--A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

**(b) Murder of the second degree.**--A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

**(c) Murder of the third degree.**--All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

18 Pa.C.S. § 2502. A criminal homicide occurs if a person "intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa.C.S. § 2501. Unless a criminal homicide is found to be voluntary or involuntary manslaughter, as defined at § 2503 and § 2504, respectively, it constitutes murder.[3] *See id*.

Appellant focuses on § 2502(c), contending that its definition of third-degree murder "does not give [Appellant] any notice of the conduct which is prohibited by the statute." Appellant's brief at 23. He laments that there are "no elements whatsoever or any explanation of conduct which [Appellant]

_____

[3] Appellant was never charged with, nor did he plead guilty to, either voluntary or involuntary manslaughter. A person commits voluntary manslaughter if "at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by: (1) the individual killed; or (2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed." 18 Pa.C.S. § 2503(a). On the other hand, "[a] person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." Appellant makes no assertion that the factual basis underlying his guilty plea, which included stabbing the victim thirty times in various parts of the body, fell within the purview of either of these crimes. *See* N.T. Guilty Plea, 4/11/16, at 20-21.

should avoid to stay clear of a charge for third[-]degree murder." *Id*. Appellant opines that the statute "is by far the most vague statute [he] has ever seen." *Id*. at 25. He believes that its phraseology permits the Commonwealth to prosecute persons for third-degree murder, even if their conduct "fell within the parameters of voluntary or involuntary manslaughter." *Id*. Therefore, Appellant maintains that all his attorneys were ineffective for neglecting to raise this claim at any point. *Id*. at 26-28.

In rejecting this claim, the PCRA court explained that Pennsylvania has retained the common law definition of murder, which is a "killing conducted with malice aforethought." PCRA Court Opinion, 12/30/21, at 9 (citing *Commonwealth v. Packer*, 168 A.3d 161, 168 (Pa. 2017)). The court further noted that our case law's definition of "malice" had not changed in over 150 years, and continues to be included in the Pennsylvania Suggested Standard Criminal Jury Instructions and relied upon by our courts. *Id*. at 10. It ultimately concluded that § 2502(c) was not unconstitutionally vague, and accordingly none of Appellant's counsel could be found ineffective for failing to advance this argument. *Id*.

Upon our *de novo* review of this legal question, we find that Appellant has not proven that his claim directed against counsel has arguable merit because he has not met the high burden of showing that the statute in question is unconstitutionally vague. The language of § 2502(c), when viewed in conjunction with the Crimes Code, both "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is

prohibited" and does so "in a manner that does not encourage arbitrary and discriminatory enforcement." **Kakhankam**, 132 A.3d at 991. It both proscribes a physical act and requires proof of a particular mental state. Specifically, the statute prohibits murder, and classifies murder of the third degree as a criminal homicide that was neither "an intentional killing" nor committed while the defendant "was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S. § 2502.

Further, although § 2502(c) itself does not expressly indicate a requisite mental state, other provisions of the Crimes Code elucidate that in order to convict someone of third-degree murder, the Commonwealth must prove that the killer acted with malice. **See**, **e.g.**, 18 Pa.C.S. § 2602 (defining "murder" within the chapter prohibiting crimes against unborn children as "includ[ing] the same element of malice which is required to prove murder under Chapter 25 (relating to criminal homicide)"). Moreover, our Supreme Court has recognized that in enacting § 2502, the General Assembly's intent was to require proof of malice. **See Commonwealth v. McGuire**, 409 A.2d 313, 315-16 (Pa. 1979) (stating that through enactment of the Crimes Code, the legislature incorporated the common law concept of malice as an element for third-degree murder). To the extent that Appellant's void-for-vagueness argument is directed to the crime's *mens rea* requirement, it cannot succeed. **Accord Ludwig**, 874 A.2d at 630 (explaining that the statute for drug delivery resulting in death, which is defined as murder of the third degree, was not

- 14 -

unconstitutionally vague because it shared the well-settled *mens rea* for third-degree murder, being malice).

Since the penal statute is not unconstitutionally vague, Appellant's plea and direct appeal counsel cannot be deemed ineffective for failing to raise that meritless claim. Consequently, his layered claim as to PCRA counsel must fail. ***See Reid***, 99 A.3d at 482 ("If any one of the prongs as to [first] counsel's ineffectiveness is not established, then necessarily the claim of [subsequent] counsel's ineffectiveness fails.").

In sum, as the issues raised by Appellant warrant no relief, we have no cause to disturb the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/27/2024