J-S28014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GEORGE STROLL :
:
Appellant : No. 1761 MDA 2024

Appeal from the PCRA Order Entered November 21, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000683-1994

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.: **FILED: SEPTEMBER 24, 2025**

George Stroll, *pro se*, appeals from the order that dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

This matter arises from Appellant's 1994 convictions for first-degree homicide as an accomplice and conspiracy to commit murder. He was sentenced to life imprisonment, and this Court affirmed his judgment of sentence on October 17, 1995. Appellant thereafter filed a series of PCRA petitions that did not garner him relief.

The instant petition, his fifth, was submitted on February 13, 2024. Therein, Appellant asserted that trial counsel was ineffective for failing to object to the court's jury instructions regarding accomplice liability. ***See generally*** Petition, 2/13/24. Although Appellant invoked the newly-

discovered facts exception to overcome the PCRA's one-year filing deadline, he claimed that he did not have to demonstrate any particular fact since he was unable to raise trial counsel's ineffectiveness on direct appeal, and first PCRA counsel neglected to challenge trial counsel's effectiveness, which constituted a "manifest injustice" and a "narrow exception" that overcame the PCRA's time limit.  *Id*. at 2-4, 7-8.

The court filed a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing and advised Appellant of his right to respond within twenty days.  After that term passed, Appellant petitioned to file a response *nunc pro tunc*, which the court granted.  Nonetheless, Appellant did not avail himself of that opportunity.  The court thereafter issued an order dismissing Appellant's petition as untimely.  This appeal followed.  Appellant submitted a Pa.R.A.P. 1925(b) statement, and the court authored a responsive Rule 1925(a) opinion.  Appellant presents the following issues for our review:

> 1.      Pursuant to **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021), did the PCRA court err when it dismissed the petition on the grounds that it did not meet the necessary standard set forth in § 9545(b)(1) when **Bradley** states that once a petitioner demonstrates that material fact in issue is shown against first PCRA counsel, a hearing must occur in order to determine whether such meets the **Bradley** standard?
>
> 2.      Did the PCRA court err when it dismissed the PCRA petition where it is clear that [Appellant] demonstrated fundamental fairness was not shown in that first PCRA counsel failed to raise a claim that the accomplice liability jury instruction failed to properly inform the jury that the accomplice must harbor a shared specific intent to kill, violating his right to be free from burden of proof beyond a reasonable doubt?

3.    Pursuant to **Bradley**, was first PCRA counsel ineffective for failing to raise issues of material fact, thus barring him from the exercise of his fundamental fairness protection under the Due Process Clause of the Fourteenth Amendment?

Appellant's brief at 3 (pagination provided, some citations and capitalization altered).

This Court reviews the dismissal of a PCRA petition as to "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Branthafer**, 315 A.3d 113, 123 (Pa.Super. 2024) (cleaned up).  We consider the PCRA court's legal conclusions *de novo*.  **See Commonwealth v. Pitt**, 313 A.3d 287, 293 (Pa.Super. 2024).  Importantly, "the timeliness of a PCRA petition is jurisdictional and . . . if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." **Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa.Super. 2022).

Relevantly, the PCRA provides as follows:

Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

- 3 -

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

The petitioner "bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Chimenti*, 218 A.3d 963, 974 (Pa.Super. 2019). Appellant invoked the newly-discovered facts exception, which requires him to demonstrate: "1) the facts upon which the claim was predicated were unknown[,] and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Brensinger*, 218 A.3d 440, 448 (Pa.Super. 2019).

Appellant, however, has abandoned his invocation of the newly-discovered facts exception on appeal. *See generally* Appellant's brief. Instead, he contends that *Bradley* has created a new, narrow exception that allows a petitioner to raise claims of ineffective assistance of PCRA counsel outside of the one-year deadline. *Id*. at 8-13. He maintains that the instant petition was the first opportunity to challenge the efficacy of initial PCRA counsel since *Bradley* fashioned this novel exception. *Id*.

In *Bradley*, our High Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401. The Court later clarified, however, "that *Bradley* did not establish an equitable exception to the PCRA's

- 4 -

time-bar and that its rationale cannot be extended to create one." *Commonwealth v. Laird*, 331 A.3d 579, 598 (Pa. 2025). *See also Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa.Super. 2023) ("Nothing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right.").

Appellant's contention that *Bradley* has created a new timeliness exception is meritless. As discussed, *Bradley* did not establish a fresh opportunity to raise ineffectiveness claims outside the PCRA's time constraints. *See Laird*, 331 A.3d at 598; *Stahl*, 292 A.3d at 1136. Appellant's attack on initial PCRA counsel's stewardship must have been presented on appeal from the denial of his first, timely PCRA petition. *See Bradley*, 261 A.3d at 405 (holding that a petitioner must "raise claims of ineffective PCRA counsel at the first opportunity"). This argument is therefore meritless. Accordingly, we affirm the PCRA court's dismissal of Appellant's petition.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/24/2025