J-S07012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNNY WALKER EWELL | : | |
| | : | |
| Appellant | : | No. 1177 MDA 2025 |

Appeal from the Judgment of Sentence Entered August 4, 2025
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000538-2025

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

JUDGMENT ORDER BY BOWES, J.:               **FILED APRIL 06, 2026**

Johnny Walker Ewell appeals from his negotiated judgment of sentence of three to twelve months of partial confinement and $768.41 in restitution, which was imposed in exchange for his guilty plea to conspiracy to commit retail theft. Since he failed to preserve the single issue he raises on appeal, we affirm.

We need not detail the underlying facts of this case. Briefly, Appellant and two other individuals engaged in a scheme in the early spring of 2025 to return items that they did not purchase to different stores using altered receipts. As a result, Appellant was charged with multiple theft-related offenses. He appeared for jury selection on August 4, 2025, at which time the Commonwealth presented the above-referenced plea agreement for the trial court's consideration. Although Appellant contested the Commonwealth's characterization of the receipts he used as being forgeries, he otherwise

agreed with the recitation of the theft scheme detailed by the Commonwealth and his plea counsel. After that clarification, the court accepted the plea agreement, conducted a plea colloquy, and sentenced Appellant in accordance with the agreed-upon terms.

Appellant did not file a post-sentence motion to withdraw his plea. Despite being represented by counsel, he filed a *pro se* notice of appeal, wherein he alleged, *inter alia*, ineffective assistance of plea counsel for not wanting to take the case to trial. Accordingly, the trial court appointed new counsel to represent Appellant for purposes of his appeal, and directed that attorney to file a Pa.R.A.P. 1925(b) statement. New counsel complied, raising five issues. In this Court, Appellant presents one issue for our consideration: "Whether [Appellant]'s plea was knowing[ly], intelligently, [and] voluntarily made before the Trial Court?" Appellant's brief at 4.[1] Specifically, he argues that his "statements at the plea hearing . . . indicate that he did not completely comprehend the impact of the plea." *Id*. at 13. Consequently, he alleges that the trial court should not have accepted his guilty plea. *Id*. at 15.

We begin by observing that, "[g]enerally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed

---

[1] We note with displeasure that the Commonwealth not only neglected to file a brief in this matter, but incorrectly stated in its letter that Appellant was appealing from a 2022 order denying a petition filed pursuant to the Post Conviction Relief Act. No such petition appears of record in this matter, which began in 2025. We caution the Commonwealth to take greater care in preparation of its writings to this Court.

the legality of the sentence imposed." ***Commonwealth v. Speed***, 323 A.3d 850, 853–54 (Pa.Super. 2024) (cleaned up). While Appellant's attack on the validity of his plea is otherwise proper despite his plea agreement, it must have been preserved in the trial court for us to reach its merits on appeal. We have explained:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609–10 (Pa.Super. 2013) (some citations omitted). ***See also Commonwealth v. Pitt***, 313 A.3d 287, 295 (Pa.Super. 2024) (noting that "because Appellant failed to challenge the voluntariness of his plea before the trial court, that issue could not be presented on direct appeal" (cleaned up)).

Our review of the record confirms that Appellant waived any challenge to the voluntariness of his plea as he did not object during the plea colloquy to anything beyond the characterization of the receipts as forgeries, and did not file a post-sentence motion to withdraw his plea. ***See Lincoln***, 72 A.3d at 611. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/06/2026