**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM ROBERT WINKELMAN | : | |
| | : | |
| Appellant | : | No. 1063 WDA 2025 |

Appeal from the PCRA Order Entered July 31, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000358-2021

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                          **FILED: APRIL 13, 2026**

William Robert Winkelman appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

This matter stems from Appellant's convictions for the repeated abuse of his wife.  On three separate occasions between 2018 and 2020, Appellant attacked the victim by, *inter alia*, dragging her by her hair through their apartment; hitting her head off the stove, cedar chest, love seat, kitchen table, and bathroom mirror; punching her in the face and kicking her in the stomach as she lay in the fetal position; choking her with the cord of a vacuum cleaner; and forcing her to engage in sex after threatening her with a knife that she kept for self-protection.  The victim reported these incidents to

---

[*] Former Justice specially assigned to the Superior Court.

Trooper Craig Hooven of the Pennsylvania State Police in March 2020. After the victim provided photographic evidence of her injuries nine months later, Appellant was arrested and charged with a litany of offenses. The matter proceeded to a jury trial in October 2021 wherein the victim and Trooper Hooven testified.

The jury convicted Appellant of sexual assault, two counts each of aggravated assault, strangulation, terroristic threats, and unlawful restraint, and three counts each of simple assault and harassment. The court sentenced him to an aggregate of twelve to twenty-four years of imprisonment, followed by three years of probation. Appellant timely appealed, challenging the admission of the photographs of the victim's injuries, and the sufficiency and weight of the evidence. *See Commonwealth v. Winkelman*, 297 A.3d 750, 2023 WL 3092770, at *1-2 (non-precedential decision). This Court affirmed the judgment of sentence, and Appellant unsuccessfully sought permission for allowance of appeal with our Supreme Court.

A timely *pro se* PCRA petition followed. Therein, Appellant alleged that the victim was not fit to testify at trial and was incredible. Also, he maintained that trial counsel, Joshua S. Maines, Esquire, was ineffective for failing to: (1) object when the victim misidentified Appellant, (2) poll the jury following the verdict, (3) present witnesses in his defense, and (4) move for a judgment of acquittal. The court appointed PCRA counsel, who filed an amended petition incorporating in full Appellant's *pro se* PCRA petition. The amended petition

additionally asserted that a new witness, Jennifer Lee Vickers, who was previously unknown to Appellant, executed a sworn affidavit stating that the victim told Ms. Vickers at a rehabilitation center in 2022 that Appellant "never raped or beat the victim at any time." Amended PCRA Petition, 1/23/25, at ¶ 14.

The court scheduled an evidentiary hearing at which Ms. Vickers and Attorney Maines testified. Ms. Vickers explained that she and Appellant grew up together and she was friends with his cousin. The Commonwealth, however, objected when Appellant's counsel asked Ms. Vickers about what the victim allegedly told her at the rehabilitation center. The court sustained the objection on hearsay grounds. Appellant subsequently requested a continuance of the hearing to subpoena the victim. Since the matter was scheduled for a hearing two months prior, and Appellant was granted a continuance once before, the Commonwealth objected and the court rejected Appellant's request. Attorney Maines then testified about, *inter alia*, his decision not to call any witnesses in Appellant's defense at the jury trial. Appellant recalled Ms. Vickers, who explained that when she heard what the victim had told her in May or June of 2022, she immediately contacted Appellant's cousin to share this information. PCRA counsel informed the court that he had not discovered this evidence until his investigation of the case over two years later in December 2024.

At the conclusion of the hearing, the court ordered briefing. Appellant did not file a brief. The court thereafter denied the petition by opinion and order, and this timely appeal followed. Appellant failed to file a court-ordered statement of errors pursuant to Pa.R.A.P. 1925(b), and the court issued an order stating that no supplemental opinion would follow. Appellant then filed an untimely Rule 1925(b) statement.

Rule 1925 provides, in relevant part, that:

If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). However, "[w]hen counsel has filed an untimely Rule 1925(b) statement[,] and the trial court has addressed those issues[,] we need not remand and may address the merits of the issues presented." ***Commonwealth v. Thompson***, 39 A.3d 335, 340 (Pa.Super. 2012).

Here, PCRA counsel submitted an untimely Rule 1925(b) statement raising two issues, which the court had addressed in its prior opinion and order dismissing the amended PCRA petition. Accordingly, we need not remand for a supplemental Rule 1925(a) opinion, and this matter is ripe for disposition. ***Id***. On appeal, Appellant reiterates these questions as follows:

I. Did the [PCRA] court err in holding that [Appellant] failed to present sufficient evidence to satisfy 42 Pa.C.S. § 9543(a)(2)(vi)?

- 4 -

II.    Did the [PCRA] court err in holding that [Appellant] failed to present sufficient evidence to satisfy 42 Pa.C.S. § 9543(a)(2)(ii)?

Appellant's brief at 7 (some capitalization altered).[1]

To begin, we note that this Court "review[s] an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up).  We also "review the record in the light most favorable to the prevailing party below and are bound by the PCRA court's findings of fact and credibility determinations; we cannot disturb either unless they are unsupported by the record." ***Commonwealth v. Alceus***, 315 A.3d 853, 859 (Pa.Super. 2024). Additionally, "it is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Pitt***, 313 A.3d 287, 293 (Pa.Super. 2024) (cleaned up).

Appellant first claims he is entitled to a new trial because he has after-discovered evidence.  A petitioner may seek PCRA relief where the conviction resulted from:  "The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."  42 Pa.C.S. § 9543(a)(2)(vi).  To prevail on this theory, we have explained:

---

[1] The Commonwealth declined to file a brief in this Court and instead submitted a letter adopting the position that the PCRA court outlined in its opinion.

> A petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Commonwealth v. Cox**, 146 A.3d 221, 228 (Pa. 2016) (cleaned up).

The PCRA court determined that Appellant failed to meet any prong of the aforementioned test.[2]  With respect to the final two elements, the court first found that Appellant "did not prove that the new evidence was produced for other reasons than to solely impeach the testimony and credibility of [the victim]."  PCRA Court Opinion, 7/31/25, at 5-6.  Rather, the court explained, Appellant wished to introduce this evidence "to refute and question [the victim]'s trial testimony[.]"  **Id**. at 6.  Additionally, the court concluded that Appellant neglected to demonstrate that the evidence was of "such a nature that a different verdict would result if a new trial were granted" because the jury "determined that sufficient evidence was presented at trial to find [him] guilty . . . [and he] did not testify at the evidentiary hearing as to how this . . . [after-discovered] evidence would likely result in a different verdict."  **Id**.

_____

[2] Before the court addressed after-discovered evidence, it analyzed whether Appellant met the newly-discovered facts timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).  As our High Court has explained, "[d]istinct from the PCRA's timeliness exception for newly discovered facts, 'after-discovered evidence' is a substantive basis for relief under the PCRA[.]" **Commonwealth v. Small**, 238 A.3d 1267, 1274 (Pa. 2020).  Since Appellant's PCRA petition was filed within one year of when his judgment of sentence became final, it was unnecessary for the court to consider whether Appellant satisfied the newly-discovered facts timeliness exception.

Appellant avers that Ms. Vickers's statement that the victim had told her that Appellant never "raped or beat her" at any point "directly contradicts the trial testimony of the Commonwealth's complaining witness and thus serves as affirmative exculpatory evidence[.]" Appellant's brief at 14-15 (cleaned up). He explains that Ms. Vickers's declaration could not have been obtained by reasonable diligence because although she had "told a cousin of [Appellant] about the conversation in 2022," "neither [Appellant] nor trial counsel was made aware of the statement until [PCRA] counsel's investigation in December 2024." *Id*. at 16. Appellant further maintains that "[w]here the sole witness linking [Appellant] to the crime allegedly made an out-of-court admission that [he] never committed the act, and that admission comes from an unrelated third party with no motive to lie, such evidence – if credited – would likely create reasonable doubt and compel a different result." *Id*. at 17.

Appellant likens this case to **Commonwealth v. Foreman**, 55 A.3d 532 (Pa.Super. 2012). He states that the after-discovered evidence in **Foreman** was found to likely "change the verdict where it substantially undermined the Commonwealth's key witness," and that Ms. Vickers's statement would similarly undercut the victim's testimony. **See** Appellant's brief at 17 (cleaned up). Contrary to Appellant's assertion, **Foreman** held the opposite. Specifically, this Court concluded that Foreman's after-discovered evidence of criminal charges filed against a police detective who testified against him was "not likely [to] result in a different verdict if a new trial were granted."

- 7 -

*Foreman*, 55 A.3d at 537. We stated that Foreman "failed to show any nexus between his case and [the detective]'s alleged misconduct in an incident, which occurred more than two years after Appellant's conviction." *Id*. at 537-38. Additionally, this Court determined that the evidence would have improperly been "used solely to impeach the credibility of [the detective.]" *Id*. at 537.

Appellant's summary of the holding in *Foreman* is thus inaccurate, and it does not support his position. Rather, here, as in *Foreman*, it is clear that Ms. Vickers's testimony would only be used to impeach the credibility of the victim. In fact, Appellant averred that Ms. Vickers's statement would serve to "questio[n] the credibility and substance of the claims made by the victim." Amended PCRA Petition, 1/23/25, at ¶ 15. Appellant proffers no other reason why this evidence would be introduced at trial. Additionally, he failed to demonstrate that this statement would likely result in a different verdict. Appellant's characterization of Ms. Vickers as a disinterested witness is unsupported by the evidence, as she testified that she grew up with Appellant and was friends with his cousin. *See* N.T. PCRA Hearing, 5/21/25, at 4-5. Ms. Vickers is therefore not an unconnected third party as Appellant claims, and he neglected to show how her statement would have resulted in a different verdict. The PCRA court's determination on this issue is therefore substantiated by the record, and Appellant is not entitled to relief on this basis.

Appellant's second contention concerns the effectiveness of trial counsel. To establish this claim, Appellant must overcome the presumption of effectiveness by meeting the following three-part test by a preponderance of the evidence: "(1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Hairston*, 249 A.3d 1046, 1061 (Pa. 2021). All elements must be satisfied, and we need not analyze them in any particular order. *See Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021).

Appellant has abandoned most of his prior claims regarding Attorney Maines's effectiveness and focuses exclusively on the fact that he did not call Ms. Vickers as a witness at trial. With respect to this assertion:

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the ineffective assistance of counsel test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Bishop*, 266 A.3d 56, 65 (Pa.Super. 2021) (cleaned up).

The PCRA court explained that it would have been "impossible for Attorney Maines to have had this information or to uncover such testimony prior to [Appellant's] trial," which was held in 2021. *See* PCRA Court Opinion,

7/31/25, at 7. As such, the court determined that Appellant failed to establish any of the three ineffectiveness prongs. *Id*. at 7-8.

Despite his assertion above that Ms. Vickers could not have been located even with the exercise of due diligence, he now states that Attorney Maines was ineffective for neglecting to call her as a witness because "the alleged victim and Ms. Vickers were together in 2022, while the direct appeal in this matter was pending," and "Ms. Vickers promptly relayed the conversation to [Appellant's cousin]." Appellant's brief at 20. He states that the core inquiry is "whether a reasonably diligent attorney would have explored the victim's rehabilitation placements and relationships," and since Attorney Maines did not find and present Ms. Vickers to rebut the victim's testimony, Appellant contends that he has been deprived of the right to a fair trial. *Id*. at 20-21. He declares that "[w]here counsel fails to present available, exculpatory testimony that directly contradicts the only eyewitness for the Commonwealth, prejudice is presumed if that omission undermines the fairness of the trial." *Id*. at 22.

Appellant's arguments ignore the requirements as set forth in ***Bishop***. The victim's alleged statement to Ms. Vickers did not occur until sometime in May or June of 2022, after Appellant's jury trial concluded in 2021. By Appellant's own account, he was likewise unaware of Ms. Vickers's statement until December 2024. ***See*** Appellant's brief at 16. He has therefore failed to demonstrate that Ms. Vickers existed at the time of trial, or was known or

should have been known to Attorney Maines.  ***See Bishop***, 266 A.3d at 65. The PCRA court thus did not err in concluding that Appellant fell short of his burden to prove that trial counsel was ineffective, and this contention is devoid of merit.

For the foregoing reasons, Appellant is not entitled to PCRA relief.  We therefore affirm the order denying his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/13/2026