J-S01011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN JAMES CENTRA | : | |
| | : | |
| Appellant | : | No. 490 WDA 2025 |

Appeal from the PCRA Order Entered March 21, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000942-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN JAMES CENTRA | : | |
| | : | |
| Appellant | : | No. 694 WDA 2025 |

Appeal from the PCRA Order Entered March 21, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000182-2021

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 13, 2026**

Justin James Centra appeals from the order dismissing his petition filed

in accordance with the Post Conviction Relief Act ("PCRA").  We affirm.

This matter arises from Appellant's sexual abuse of his minor daughter

and niece.  Once a criminal complaint was filed against him based on the

_____

[*] Former Justice specially assigned to the Superior Court.

reports of that misconduct, Appellant proceeded to write multiple letters and make numerous phone calls to both victims instructing them to tell investigators that no harm occurred. Consequently, a second criminal complaint followed, charging Appellant with intimidation of witnesses and obstruction. The cases were consolidated for a three-day jury trial, at the conclusion of which Appellant was convicted of attempt to commit aggravated indecent assault of a child, indecent exposure, and terroristic threats; three counts each of indecent assault and corruption of a minor; and nineteen counts each of intimidation of witnesses or victims and intimidation, retaliation, or obstruction in child abuse cases. After the court found Appellant to be a sexually violent predator, it sentenced him to an aggregate of eighteen years and three months to forty-two years in prison.

Appellant appealed, and this Court affirmed his judgment of sentence. *See Commonwealth v. Centra*, 307 A.3d 683, 2023 WL 6998402 (Pa.Super. 2023) (non-precedential decision). The PCRA court appointed counsel after Appellant filed a timely *pro se* PCRA petition. An amended PCRA petition followed, along with a subsequent revised petition, raising twenty-four claims of ineffective assistance of trial counsel, Patrick Lavelle, Esquire.[1] Among

_____

[1] The certified record does not show that Appellant sought leave of court to file a revised amended petition pursuant to Pa.R.Crim.P. 905. Typically, this results in waiver of any newly added claims. *See Commonwealth v. Reid*, 99 A.3d 427, 437 (Pa. 2014). However, in the revised amended petition Appellant only corrected some of the procedural history, and the issues were
*(Footnote Continued Next Page)*

those contentions, Appellant argued that Attorney Lavelle was ineffective for failing to provide him with discovery prior to trial, and for neglecting to obtain and present to the jury a copy of an emergency petition for custody and records from Children, Youth, and Family Services ("CYS").

The court scheduled a hearing, at which Attorney Lavelle and Appellant testified. Appellant averred that he was unaware of any of the evidence of the case prior to trial and felt that he was unprepared to testify in his own defense. He claimed that the emergency petition for custody would have established that he was not allowed to be around one of the victims during the period in question, and the CYS records would have proved that some allegations of abuse were determined to be unfounded. Attorney Lavelle confirmed that he provided Appellant with discovery materials at each of their meetings prior to trial, although he did not give him physical copies. He further contended that the emergency petition for custody was irrelevant to this case. As to the CYS reports, he stated that they concerned allegations made years before the events in question.

Finding that Attorney Lavelle did not provide deficient representation, the court dismissed the petition by opinion and order. Appellant timely

---

identical to those in the amended petition. Since Appellant's claims in both filings remained the same, they are not subject to waiver in this instance. *See id*. (finding waived only newly added claims in unauthorized amended petitions, but addressing those that were included in the first counseled amended petition).

appealed and submitted a court-ordered Pa.R.A.P. 1925(b) statement. Instead of authoring a Rule 1925(a) opinion, the court directed us to its prior writing dismissing the petition. On appeal, Appellant has confined his issues to the following:

> I. Whether trial counsel was ineffective because he did not provide [Appellant] with any discovery prior to the first day of trial and therefore did not review the discovery with [Appellant] at any time prior to appearing in the courtroom which denied [Appellant] any input in his trial and [Appellant] was not properly prepared.
>
> II. Whether trial counsel was ineffective for failing to obtain a copy of an emergency petition for custody filed by [Appellant]'s daughter's mother. The purpose would have been proof that he was prohibited from seeing his daughter for an extended of [*sic*] time, which was one of the periods when the abuse was alleged.
>
> III. Whether trial counsel was ineffective for failing to obtain records from [CYS,] which [Appellant] alleged would have helped his case because they concluded that allegations against him were unfounded.

Appellant's brief at 5 (some capitalization altered).[2]

The relevant legal principles governing our consideration of these issues are as follows:

> [O]ur standard of review from the [dismissal] of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

_____

[2] Instead of filing a brief in this Court, the Commonwealth submitted a letter adopting the position of the PCRA court.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up).  A petitioner bears the burden to prove that the PCRA court erred, and that he is entitled to relief.  ***See Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019).

> Appellant challenges the effectiveness of trial counsel.  In that vein:
>
> Counsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence.  To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria:  (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the complained-of action or inaction.  The failure to satisfy any one of these criteria is fatal to the claim.

***Commonwealth v. Thomas***, 323 A.3d 611, 620-21 (Pa. 2024) (cleaned up).

A contention has arguable merit "where the factual averments, if accurate, could establish cause for relief."  ***Commonwealth v. Pitt***, 313 A.3d 287, 293 (Pa.Super. 2024) (cleaned up).  As to whether an attorney had a reasonable basis for a decision or strategy, "a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued."  ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (cleaned up).  To demonstrate prejudice, the petitioner must establish that "there is a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different."  ***Commonwealth v. Alceus***, 315 A.3d 853, 859 (Pa.Super. 2024) (cleaned up).

Initially, we note that Appellant's brief fails to comply with Pa.R.A.P. 2119, which provides that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part– in distinctive type or in type distinctively displayed–the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Appellant instead includes all his arguments in one section and intertwines his contentions. As such, we will address his claims as one collective challenge to Attorney Lavelle's efficacy.

Appellant maintains that Attorney Lavelle was ineffective for neglecting to provide him with discovery materials. He contends that "by failing to provide him with discovery prior to him testify [*sic*] at trial, he was denied any input in his trial and he was not properly prepared for his testimony at trial." Appellant's brief at 6 (unnecessary capitalization omitted). Although trial counsel met with Appellant at least four times and provided him with evidence during each meeting, Appellant claims that he wanted to "hear recordings on which it was alleged that he made intimidating statements." *Id*. at 8. However, he explains, Attorney Lavelle "said he did not think he had the equipment for him to be able to provide copies of CD's and recordings of telephone calls." *Id*. Appellant asserts that Attorney Lavelle also failed to obtain a copy of an emergency petition for custody and records from CYS and present them at trial. *Id*. at 14. He states that the emergency petition "would have been proof that he was prohibited from seeing his daughter for an

extended period of time, which was one of the periods in which abuse was alleged." *Id*. Additionally, he argues that the CYS records "could have helped his case because they concluded that the allegations against him were unfounded." *Id*.

The PCRA court determined that Appellant failed to establish that Attorney Lavelle was ineffective. It first found that trial counsel "credibly testified that [Appellant] did in fact see the discovery" where he stated that he "always brought the entire file with him when he saw [Appellant] and went over the entire file with [him]." PCRA Court Opinion, 3/21/25, at 19. The court also explained that Appellant "did not demonstrate that the phone call recordings were used during trial or that there was something in his discovery that had Attorney Lavelle provided [him] with a physical copy that the outcome of the proceedings would have been different." *Id*. at 20. Further, the court concluded that Appellant was adequately prepared to testify where he was present during the whole trial and heard the questions that were being asked. *Id*. at 21. Accordingly, the court opined that "[t]o say [Appellant] had no clue what the Commonwealth would ask him is not believable." *Id*. Moreover, the court stated, "Attorney Lavelle did inform [Appellant] of the risks of testifying, the risks associated with cross-examination by competent counsel, and that the decision to testify was ultimately [Appellant]'s." *Id*. at 22.

Additionally, the PCRA court maintained that the emergency custody petition and the records from CYS were irrelevant, and thus Attorney Lavelle was not ineffective for failing to offer them at trial. *Id*. at 23. It specified that Appellant "was unable to establish [their] relevance, and no further testimony was taken on the issue." *Id*. The court also reviewed the transcripts of the jury trial and confirmed that Appellant had testified to having custody of his daughter "during the period of time in which the alleged events occurred." *Id*. Finally, the court found that while Appellant averred that this evidence would have been helpful to his defense, he "failed to demonstrate **how** it would have been helpful." *Id*. at 25 (emphasis added).

We agree with the PCRA court's determinations, which are supported by the record. Attorney Lavelle credibly testified that he met with Appellant for several hours multiple times before trial, and shared all discovery materials during each of those meetings. *See* N.T. PCRA Hearing, 12/6/24, at 44, 48-49. Nonetheless, when Appellant was asked what evidence at trial was shocking to him, he responded "[a]ll of it." *Id*. at 37. Appellant has neglected to specify any discovery materials he was missing or how having his own copy would have altered the outcome of the trial. As to the recorded phone calls, Attorney Lavelle explained that he did not rely upon them, and Appellant would have been aware of what he said. *Id*. at 50. It was also Appellant's choice to testify, and he was warned of the risks of doing so. *Id*. at 49, 52.

The record is further devoid of evidence as to how Attorney Lavelle was ineffective for failing to obtain and present the emergency custody petition and CYS records. Starting with the custody petition, Appellant initially averred that it would have showed the jury that he was awarded custody of his daughter. *See* Revised Amended PCRA Petition, 7/3/24, at ¶ 15.j. However, at the PCRA hearing, and now on appeal, he claims that this evidence would demonstrate that he was not allowed to be present with his daughter during a period that she alleged to have suffered abuse. *See* N.T. PCRA Hearing, 12/6/24, at 17; Appellant's brief at 14. It is therefore unclear as to what purpose the custody petition would have served, and Appellant does not acknowledge this inconsistency. Nevertheless, the record established conclusively that Appellant had custody of his daughter during the period in which she alleged she was sexually abused. *See* N.T. Jury Trial, 9/30/21, at 124, 166-67. As to the CYS records, Attorney Lavelle explained that they were irrelevant because he "didn't see any strategic benefit to approaching a defense of the charges that were before us by attempting to raise up issues that were well in the past." N.T. PCRA Hearing, 12/6/24, at 57. Appellant failed to establish the purpose of the stale CYS records beyond a bald assertion that he believed they would have been "tremendously" helpful to his case. *See* Appellant's brief at 15.

Plainly, Appellant's mere declarations that these pieces of evidence would have been beneficial to his defense falls short of his burden to establish

by a preponderance of the evidence any of the three prongs of an ineffective assistance of counsel claim. **See Thomas**, 323 A.3d at 620-21. Accordingly, we have no reason to conclude that the PCRA court erred, and we thus affirm its order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/13/2026